UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRUSTEES OF THE MICHIGAN LABORERS'
HEALTH CARE FUND, et al.,

             Plaintiffs,

v.                                      Case No. 1:23-cv-12347

5SN COMMUNICATIONS, LLC, et al.,        Honorable Thomas L. Ludington
                                       United States District Judge

             Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE FIVE DEFENDANTS AND DIRECTING CLERK OF COURT TO ISSUE SECOND SUMMONS**

On September 15, 2023, Plaintiffs— "trustees and fiduciaries" of six jointly administered, multi-employer benefit funds[1]—filed an ERISA action against six Defendants to produce financial records for an audit and to collect unpaid benefit contributions from Defendants under 29 U.S.C. §§ 1132 and 1145 *et seq.*, and 29 U.S.C. § 185(a). ECF No. 1. According to Plaintiffs, Defendant 5SN Communications LLC conducts business in Michigan, is co-owned by Defendant Matthew Howley and Defendant Larry Jordan II. *Id.* at PageID.3. Defendant Jordan is also the registered agent of (1) Defendant 5 Stems LLC, an Indiana limited liability company; (2) Defendant 5 Stems Inc., a corporation; and (3) Defendant Standard Ascension Tower Group Corporation. *Id.*

After filing a complaint, a plaintiff must serve all defendants within 90 days after the complaint is filed, but if a plaintiff shows good cause for why they were unable to serve a defendant during that time, "the court must extend the time for service for an appropriate period." FED. R.

---

[1] The six Plaintiffs are the "trustees and fiduciaries" of the: (1) Michigan Laborers' Health Care Fund; (2) Michigan Laborers' Pension Fund; (3) Michigan Laborers' Annuity Fund; (4) Michigan Laborers' Vacation Fund; (5) LIUNA Training of Michigan Fund; and (6) Michigan Laborers' Employers' Cooperation and Education Trust Fund. ECF No. 1 at PageID.2.

CIV. P. 4(m). "In federal proceedings, an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Moseley v. Regency Transp.*, 525 F. Supp. 3d 823, 825 (E.D. Mich. 2021) (quoting FED. R. CIV. P. 4(e)(1)). Michigan law does not authorize summons extensions; only the issuance of a second summons. *See* Mich. Ct. R. 2.102(D) (allowing a judge, on a showing of due diligence by a plaintiff in attempting to serve the original summons, to order a second summons for a period not to exceed one year).

On September 18, 2023, Summons were issued for all Defendants. ECF No. 2. Under Mich. Ct. R. 2.102(D), this Summons was set to expire 91 days later, on December 18, 2023. But, on December 14, 2023—90 days after Plaintiffs filed their Complaint—Plaintiffs filed an Ex Parte Motion seeking 120-day extension to serve five Defendants. ECF No. 6. Although Plaintiffs served Defendant 5SN Communications LLC through its resident agent on September 22, 2023, *id.* at PageID.267, Plaintiffs have not been able to effectuate service on the remaining five Defendants. Notably, all corporate Defendants that have not been served have the same resident agent: Defendant Jordan. *Id.* at PageID.268. In this way, service will be effectuated on all five remaining Defendants by serving two people: Defendant Jordan and Defendant Howley. Plaintiff's service attempts for both are outlined below.

*Defendant Jordan, individually and as Registered Agent for Defendant 5 Stems LLC, Defendant 5 Stems Inc., and Defendant Standard Ascension Tower Group Corporation.* Plaintiffs attempted personal service on Defendant Jordan on October 14, 2023, but the address provided on corporate filing documents is a Post Office Box. *Id.* Plaintiffs have searched for Defendant Jordan's address, but online searches yield "numerous addresses all over the country." *Id.* However, Plaintiffs have identified his wife's name and address, and will attempt to effectuate

service at that address. And Plaintiffs note that Defendant Jordan is under federal indictment in New York so if Plaintiffs are unable to effectuate service at that address, they plan to effectuate service upon Defendant Jordan at his April 2024 sentencing date. *Id.* at PageID.269.

*Defendant Howley*. Plaintiffs attempted to serve Defendant Howley on December 5, 2023, at what they believed to be his home address. *Id.* Although "Plaintiffs' counsel made personal contact" with a man who "accepted service" at that address, that man "represented that he was not, . . . Defendant Matthew Howley." *Id.* Plaintiffs have since searched online to locate "the correct Matthew Howley," but require more time to locate and serve the correct person. *Id.*

This Court is satisfied that Plaintiffs have diligently attempted to locate and serve the remaining five Defendants, so their Motion will be granted, and the Clerk of the Court will be directed to issue a second summons that shall be valid for 70 days. *See* FED. R. CIV. P. 4(m); *see also* Mich. Ct. R. 2.102(D).

Accordingly, it is **ORDERED** that Plaintiff's Ex Parte Motion for Extension of Time to Serve Five Defendants, ECF No. 6, is **GRANTED**.

Further, it is **ORDERED** that Plaintiffs are **DIRECTED** to serve Defendants (1) Larry D. Jordan II; (2) Matthew Howley; (3) 5 Stems Inc.; (4) 5 Stems LLC; and (5) Standard Ascension Tower Group Corporation, **on or before April 12, 2024.**

Further, it is **ORDERED** that the clerk is **DIRECTED** to issue a second summons for Defendants (1) Larry D. Jordan II; (2) Matthew Howley; (3) 5 Stems Inc.; (4) 5 Stems LLC; and (5) Standard Ascension Tower Group Corporation, **to expire 70 days after issuance.**

Dated: February 7, 2024                                    s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge