UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRUSTEES OF THE MICHIGAN LABORERS'
PENSION FUND, et al.,

        Plaintiffs,              Case No. 1:23-cv-12347

v.                                      Honorable Thomas L. Ludington
                                           United States District Judge
5SN COMMUNICATIONS, LLC, et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, AND (2) ENTERING DEFAULT JUDGMENT FOR PLAINTIFFS**

Before this Court is Plaintiffs' Motion for Entry of Default Judgment against all Defendants. Despite being served with process, no Defendant has appeared, nor have they filed a response to Plaintiffs' Motion. As explained below, Plaintiffs' Motion for Entry of Default Judgment will be largely granted.

I.

Plaintiffs—trustees and fiduciaries of multi-employer benefit funds—allege that Defendants 5SN Communications, LLC, 5 Stems, LLC, and 5 Stems, Inc. (collectively "5 Stems") were bound by a Collective Bargaining Agreement ("CBA"). ECF No. 1 at PageID.3–5. The CBA required Defendants 5 Stems to remit employee benefit contributions, submit Contribution Report Forms ("CRFs"), and provide records for audit. *Id.* at PageID.4–5. The CBA also imposed interest, fees, and attorneys' costs for late or unpaid contributions. *Id.* at PageID.5.

But according to Plaintiffs, Defendants 5 Stems did not make any contributions or submit CRFs from 2022 to present. *Id.* at PageID.6. Further, Defendants 5 Stems allegedly ignored Plaintiff's audit demands and did not produce requested records as the CBA requires. *Id.*

Accordingly, on September 15, 2023, Plaintiffs brought a collection action under the Employee Retirement Income Security Act (ERISA) against Defendants 5 Stems, their owners—Defendants Larry Jordan and Matthew Howley—and their alleged alter-ego, Defendant Standard Ascension Tower Group, Inc. *Id.* at PageID.3, 7. Plaintiffs assert three counts: (1) failure to submit to audit and make benefit contributions to a multi-employer plan under the terms of a CBA, 29 U.S.C. § 1145; (2) failure to submit to audit and make benefit reports, 29 U.S.C. § 185(a); and (3) failure to make benefit contributions and CRFs, and misusing monies held in trust, MICH. COMP. LAWS § 570.151 *et seq. Id.* at PageID.11–12.

After being served process, *see* ECF Nos. 3; 13; 16; 17; 18; 19, no Defendant filed an answer or otherwise moved to dismiss this case. So upon Plaintiffs' request, the Clerk of Court issued default entries against all Defendants. ECF Nos. 5; 15; 24; 25; 26; 27. As a result, on June 11, 2024, Plaintiffs filed a motion for entry of default judgment. ECF No. 31.

**II.**

When a party "fails to plead or otherwise defend" a case, the district court can enter a default judgment against it, so long as the Clerk has first entered a default. *See* FED R. CIV. P. 55(a), (b)(2); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). But that doesn't mean the plaintiff gets a default judgment automatically: under Rule 55(b)(2), courts must use their "sound judicial discretion" to decide whether default judgment is appropriate. *See* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice & Procedure § 2685 (4th ed.). To that end, courts must determine whether—accepted as true—the plaintiff's well-pleaded allegations actually state a claim for relief. *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016). If they do, a default judgment is warranted. *Id.*

That leaves damages. Even though all other well-pleaded factual allegations are taken as true, allegations concerning damages are not. *Ford Motor Co.*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). The plaintiff thus bears the burden of establishing damages when seeking a default judgment. *See Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011). And courts can—but need not—hold hearings to evaluate evidence on damages. *See* FED R. CIV. P. 55 (b)(2).

### III.

Plaintiffs seek a default judgment ordering Defendants, jointly and severally, to: (1) produce all 5 Stems records for an audit from September 2022 to present; (2) remit all amounts owed, including unpaid contributions, liquidated damages, interest, and audit costs; and (3) pay attorneys' fees and costs. ECF No. 31 at PageID.342. A default judgment on liability is warranted, but not all requested remedies are proper at this stage.

Start with liability. Based on the well-pleaded allegations in the Complaint, Plaintiffs are entitled to default judgment. *See generally* ECF No. 1. The Complaint and incorporated CBA show that Defendants 5 Stems were bound to make multi-employer benefit contributions but failed to do so from September 2022 onward. See ECF Nos. 1 at PageID.4, 1-3 at PageID.47. Not making such contributions violates 29 U.S.C. §§ 185(a), 1145, and MICH. COMP. LAWS § 570.151 *et seq*. *See Operating Eng'rs Loc. 324 Health Care Plan v. Proline Excavating*, No. 13-10719, 2014 WL 1411771, at *2 (E.D. Mich. Apr. 11, 2014).

Onto Plaintiffs' requested remedies. Plaintiffs first seek a compelled audit from September 2022 to present to determine Defendants total delinquent contributions. *See* ECF No. 31 at PageID.358. The CBA and its collection policy permit compelled audits as a remedy. *See* ECF No. 1-5 at PageID.224. And courts have the authority to order such audits. *See Trs. of B.A.C. Loc. 32*

*Ins. Fund v. Fantin Enterprises, Inc.*, 163 F.3d 965, 970 (6th Cir. 1998); *Operating Eng'rs Loc. 324 Health Care Plan*, 2014 WL 1411771, at *2; *Operating Eng'rs Loc. 324 Fringe Benefit Funds v. Unique Constr. & Servs., LLC*, No. 21-CV-12287, 2022 WL 2115992, at *2 (E.D. Mich. June 13, 2022). Thus, Plaintiffs are entitled to their requested compelled audit remedy.

Plaintiffs also seek all unpaid contributions uncovered in the audit, along with interest, assessments, costs, and liquidated damages. *See* ECF No. 31 at PageID.358. Under 28 U.S.C. § 1132(g)(2)—which enforces violations of § 1145—Plaintiffs are entitled to "unpaid contributions, interest on the unpaid contributions, liquidated damages or 'double interest,' . . . and costs, and to seek "other legal or equitable relief as the court deems appropriate.'" *Michigan Laborers' Pension Fund v. WMRA, Inc.*, No. 1:18-CV-512, 2019 WL 13103500, at *2 (W.D. Mich. Oct. 7, 2019) (quoting 29 U.S.C. § 1132(g)(2)(A)–(E)). So Plaintiffs are entitled to that remedy, too.

And Plaintiffs seek attorneys' fees and costs for bringing this case. *See* ECF No. 31 at PageID.358. True, attorneys' fees are mandatory under 29 U.S.C. § 1132(g)(2) in actions to enforce § 1145 ERISA obligations like this one. *Sofco Erectors, Inc. v. Trs. of Ohio Operating Eng'rs Pension Fund*, 15 F.4th 407, 433 (6th Cir. 2021). But these attorneys' fees remain subject to a reasonableness review under the lodestar method. *Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). Yet Plaintiffs do not submit any information about hours worked—which may not be complete—and hourly rates for such an assessment. *See generally* ECF No. 31. As a result, Plaintiffs will not be awarded attorneys' fees at this juncture but should feel free to file a separate motion containing the information required for a lodestar assessment.

In sum, Plaintiffs' Motion for Entry of Default Judgment, ECF No. 31, will be denied in part and granted in part. It will be denied to the extent it seeks attorneys' fees without information to conduct a reasonableness assessment. But it will be granted in all other respects.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 31, is **DENIED IN PART** to the extent it seeks attorneys' fees without submitting documents for a reasonableness assessment.

Further, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 31, is **GRANTED** in all other respects.

Further, it is **ORDERED** that Default Judgment is **ENTERED** in favor of Plaintiff and against Defendants, jointly and severally.

Further, it is **ORDERED** that Defendants are **DIRECTED** to produce all 5 Stems books and records needed to complete an audit from September 2022 to present **on or before April 18, 2025**.

Further, it is **ORDERED** that Defendants are **DIRECTED** to remit all amounts shown due by such audit, including all unpaid fringe benefit contributions, liquidated damages, interest, assessments, and audit costs.

Further, it is **ORDERED** that this Court **RETAINS JURISDICTION** to enforce compliance with this Order.

**This is a final order that closes the above-captioned case.**

Dated: March 7, 2025                                         s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge